IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRON BRUCE,                            )
                                        )
        Plaintiff,                      )
                                        )
    -vs-                                )   Civil Action No.  16-629
                                        )
NANCY A. BERRYHILL,[1]                  )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
        Defendant.                      )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 17 and 19). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 17) and granting Defendant's Motion for Summary Judgment. (ECF No. 19).

## I.  BACKGROUND[2]

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since January 2, 1991.[3] (ECF No. 9-6, p. 2). Administrative Law Judge ("ALJ"), Michael F. Colligan, held a hearing on January 5, 2016. (ECF No. 9-17, pp. 25-48). On March 17, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-17, pp. 5-17).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

[2] Plaintiff initially appealed an unfavorable decision of this case on October 12, 2012. On January 27, 2015, this Court granted Plaintiff's Motion for Summary Judgment, in part, and remanded the case. Now, having gone through the administrative process again, Plaintiff brings the instant appeal.

[3] The alleged onset date was later amended to July 30, 2010.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 17 and 19). The case is now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

2

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC")[4]

Plaintiff's only contention is that the ALJ erred in failing to incorporate his need to use a cane in the RFC thereby resulting in a finding not supported by substantial evidence. (ECF No. 18, pp. 19-22). To that end, Plaintiff asserts that the ALJ gave great weight to the opinion of Dr. Malik but fails to explain why he did not account for Dr. Malik's opinion that it was medically necessary to use a cane to ambulate. (ECF No. 18, p. 20). As a result, Plaintiff submits that remand is necessary.

---

[4]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008).

In this case, the ALJ discussed the issue of the cane at length. (ECF No. 9-17, pp. 11-17). The examining physician, Dr. Malik, opined, *inter alia,* that Plaintiff needed a cane to ambulate. (ECF No. 9-23, p. 10). The ALJ gave Dr. Malik's opinion "great weight" without specifically giving less weight to his opinion regarding Plaintiff's need of a cane to ambulate. (ECF No. 9-17, pp. 15-16). Nevertheless, throughout the opinion, the ALJ specifically calls into question whether Plaintiff is required to use a cane, noting that there is no prescription for the cane and there is no statement from Plaintiff's treating providers regarding a cane. (ECF No. 9-17, p. 11). The ALJ further notes that a follow-up physical examination revealed only "mild tenderness and intact strength, sensation, reflexes and gait." *Id.* p. 13. Additionally, the ALJ referenced the orthopedic evaluation that Plaintiff was cleared to weight bear and ambulate. *Id.* The ALJ also stated that while Dr. Malik found that Plaintiff needed a cane to ambulate (without any reference to standing), he recognized that Dr. Malik's examination record indicates that while Plaintiff ambulated with a cane, he limped without it. (ECF No. 9-17, pp. 15-16). Finally, the RFC does not contain any exception for the use of a cane to ambulate. (ECF No. 9-17, p. 10). All of these references make clear to this Court that the ALJ was rejecting Dr. Malik's opinion that Plaintiff required a cane to ambulate.

While it would have been preferable for the ALJ to specifically say he was not accepting this portion of Dr. Malik's opinion as it relates to the use of a cane, the failure to use those exact words does not warrant a remand. The ALJ appropriately and sufficiently explained in detail how and why he was rejecting Dr. Malik's opinion that Plaintiff was required to use a cane throughout

4

his opinion as set forth above. As a result, there is sufficient evidence of record to allow this Court to make a proper and meaningful determination. After a review of the record, I find these reasons to be supported by substantial evidence. (ECF No. 9-17, pp. 5-17).[5] Consequently, remand is not warranted.

An appropriate order shall follow.

---

[5] Furthermore, as the ALJ pointed out, even if he determined that Plaintiff's RFC required the use of a cane (thereby accepting this portion of Dr. Malik's opinion), Dr. Malik only opined that Plaintiff required the use of a cane to ambulate. (ECF No. 9-23, p. 10). His opinion did not opine that Plaintiff was required to use a cane to stand. *Id; see also,* ECF No. 9-17, pp. 12, 15-16. Nevertheless, Plaintiff's attorney was given 30 days after the hearing to submit additional evidence, opinion or otherwise, regarding the requirement of using a cane to stand. (ECF No. 9-17, pp. 43-46). There was no additional evidence from Dr. Malik on this issue.

At the hearing, the ALJ also asked the vocational expert ("VE") to consider a person with the same RFC but who also required the use of a cane to ambulate. (ECF No. 9-17, p. 44). The VE testified that even with the added limitation of using a cane to ambulate, a plaintiff would still be able to perform those jobs previously identified. *Id.* As a result, even if I found that it was an error on the part of the ALJ for failing to include the use of a cane to ambulate in the RFC, it would be harmless error. Simply put, it would be an exercise in futility to remand the case to add that requirement to the RFC when there is evidence in the record, as noted by the ALJ, that Plaintiff could still perform the same jobs while using a cane to ambulate.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRON BRUCE, )
)
        Plaintiff, )
)
-vs- ) Civil Action No. 16-629
)
NANCY A. BERRYHILL,[6] )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 30th day of May, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 17) denied Defendant's Motion for Summary Judgment (Docket No. 19) is granted.

                        BY THE COURT:

                        s/ Donetta W. Ambrose
                        Donetta W. Ambrose
                        United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.